UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS, | No. 2:24-cv-1674 TLN SCR P |
| Plaintiff, | |
| v. | ORDER |
| NIKKI GUNTER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth below, this court will grant plaintiff's motion to proceed in forma pauperis and finds plaintiff states a cognizable First Amendment claim against defendant Gunter but states no other claims.  Plaintiff will be given the option of proceeding immediately on his First Amendment claim against Gunter or amending the complaint.  If plaintiff chooses to proceed now on the First Amendment claim, he will voluntarily dismiss all other claims and defendants.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

////

1

1   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C.
2   §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in
3   accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct
4   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
5   forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments
6   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
7   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
8   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
9   §1915(b)(2).

**SCREENING**

I.   **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

**II.     Discussion**

**A. Plaintiff's Allegations**

Plaintiff is incarcerated at California State Prison, Sacramento. He complains of conduct that occurred there in 2023. Plaintiff identifies three defendants: Nikki Gunter, Community Resource Manager; the California Department of Corrections and Rehabilitation ("CDCR"); and H. Moseley.

Plaintiff's allegations are somewhat difficult to discern. As best this court can tell, plaintiff is alleging the following. In early 2023, plaintiff was on a kosher diet. In January 2023, he received a meat item in the mail. That meat item was not kosher. He received a second meat item at an unspecified date that was kosher. A prison policy stated that if an inmate on a kosher diet purchased two non-kosher food items within a six-month period, the inmate would lose the kosher diet. In July 2023, defendant Gunter deprived plaintiff of the kosher diet based on the

receipt of the meat item in January and, apparently, the second meat item. Gunter falsified documents in order to do so.

Plaintiff also states he has been retaliated against. He was not able to receive religious necklaces and his bibles were thrown away. New bibles he ordered never made it to him. Defendant Moseley was assigned plaintiff's appeal, apparently regarding the deprivation of the necklaces and bibles. Moseley did not interview plaintiff and "omitted facts/findings and evidence violating due process."

### B. Does Plaintiff State Claims Cognizable under §1983?

#### 1. Free Exercise Claim

Inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted). To state a claim under the Free Exercise Clause, an inmate must plausibly allege a prison official's actions (a) substantially burdened the inmate's exercise of a sincerely held religious belief; and (b) did so in an unreasonable manner. See O'Lone, 482 U.S. at 348-50; Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015).

A prison official's refusal to provide a kosher diet to a Jewish inmate can implicate the Free Exercise Clause. See Shakur v. Schriro, 514 F.3d 878, 885 (9th Cir. 2008). Plaintiff alleges defendant Gunter falsified evidence to remove him from the religious diet program. It appears that plaintiff is alleging he was not permitted a kosher diet for six months. The complaint adequately alleges a substantial burden of plaintiff's right to practice his religion based on the denial of kosher food by Gunter.

#### 2. Retaliation Claim

To state a claim for retaliation under the First Amendment, a prisoner must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff indicates he is stating a retaliation claim but fails to do so. If plaintiff is contending Gunter retaliated against him, he must, at a minimum, allege facts which show: (1) that plaintiff did something that was an exercise of his First Amendment rights; (2) that Gunter took an adverse action against plaintiff; and (3) that Gunter took that action because of plaintiff's exercise of his First Amendment rights. Plaintiff's retaliation claim will be dismissed with leave to amend.

### 3. Claim against Defendant Moseley

While plaintiff's allegations against Moseley lack specificity, he appears to be attempting to allege a claim that Moseley did not fairly resolve his grievance. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also, e.g., Wright v. Shannon, No. 1:05-cv-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. 1:09-cv-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights). Plaintiff's allegations against Moseley do not amount to a claim of constitutional dimensions.

### 4. Improper Defendant

Plaintiff identifies CDCR as a defendant. State agencies, such as CDCR, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100

(1984) (Eleventh Amendment immunity extends to state agencies). Therefore, CDCR is not a proper defendant in this action.

## CONCLUSION

The court finds above that plaintiff states a potentially cognizable claim against defendant Gunter for violation of his First Amendment right to free exercise of his religion. The court further finds that plaintiff fails to state any other claims for relief cognizable under §1983. Plaintiff will be given a choice. He may choose to proceed immediately on his First Amendment claim against Gunter or he may file an amended complaint. If plaintiff chooses to proceed immediately on his First Amendment claim, he will dismiss all other claims and defendants.

If plaintiff chooses to file an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

////

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The Federal Rules of Civil Procedure contemplate brevity. Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. However, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570). A claim is plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has stated a potentially cognizable First Amendment Free Exercise claim against defendant Gunter.
4. Plaintiff's other claims are dismissed with leave to amend.

5. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint. If plaintiff chooses to proceed on his cognizable claim in the complaint, he shall voluntarily dismiss his other claims and defendants.

6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: October 29, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

Case 2:24-cv-01674-TLN-SCR   Document 8   Filed 10/30/24   Page 9 of 9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BENJAMIN ROBERT GALLEGOS, | No. 2:24-cv-1674 TLN SCR P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| NIKKI GUNTER, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment claim against defendant Gunter. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

_____
Benjamin F. Ellis, Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BENJAMIN ROBERT GALLEGOS, | No. 2:24-cv-1674 TLN SCR P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| NIKKI GUNTER, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment claim against defendant Gunter. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

_____
Benjamin F. Ellis, Plaintiff